JOSHUA A. SOUTHWICK
GIBSON ROBB & LINDH LLP
201 Mission Street, Suite 2700
San Francisco, California 94105
Telephone: (415) 348-6000
Facsimile: (415) 348-6001
Email: jsouthwick@gibsonrobb.com

Attorneys for Plaintiff
TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICA

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA ANCHORAGE

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BIG DREAMS TRANSPORT LTD,<br><br>Defendant. | Case No. 3:20-cv-00028-HRH<br><br>**COMPLAINT** |

Plaintiff, by and through its attorneys, Gibson Robb & Lindh LLP, as and for their Complaint, alleges upon information and belief as follows:

**JURISDICTION**

1. This suit arises from damage to cargo during motor truck transit. Jurisdiction is predicated upon 28 U.S.C. §1332 as all parties are diverse. Venue is proper in this district because defendant resides in this district and received the cargo for carriage in this district.

/ / /

/ / /

/ / /

/ / /

## PARTIES

2. At all material times, Travelers Property Casualty Company of America, (hereinafter "Travelers" or "Plaintiff") was and is a corporation with an office and place of business located at One Tower Square, Hartford, CT 06183, and is the subrogated underwriter of a consignment of electrical switchgear owned by Travelers' insured Graybar Electric, as more specifically described below.

3. At all material times, defendant, Big Dreams Transport Ltd. (hereinafter "Big Dreams" or "Defendant") was and is a corporation organized and existing by virtue of the laws of a Alaska with an office and place of business located at 4512 Overby St, Wasilla, AK 99623. At all relevant times, Big Dreams was and is still doing business within the jurisdiction of this Honorable Court as a common carrier of goods for hire.

4. Plaintiff brings this action on its own behalf and as agent and/or trustee on behalf of and for the interest of all parties who may be or become interested in the said consignments, as their respective interests may ultimately appear, and plaintiff is entitled to maintain this action.

## RELEVANT FACTS

5. Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in paragraphs 1 through 4, as if herein set forth at length.

6. On or about February 20, 2020, a consignment consisting of electrical switchgear, then being in good order and condition, was delivered to Big Dreams and/or their agents in Anchorage Alaska. Big Dreams contracted to carry the cargo by motor truck to Clear, Alaska, all in consideration of an agreed upon freight.

7. Big Dreams secured the switchgear cargo to its flatbed trailer and began draying the load to Clear for delivery to the consignee. However, during the motor carriage Big Dream's driver failed to control his vehicle and the truck overturned, causing damage to the switchgear.

///

///

8. The damage to the cargo was not the result of any act or omission of the plaintiff but, to the contrary, was due solely as the result of the negligence, fault, neglect, breach of contract of carriage, and bailment on the part of the defendant and/or its agents.

9. The invoice value of the damaged switchgear was $711,432.26. However, plaintiff and its insureds suffered additional damages attempting to mitigate the loss and expeditiously replace the damage switchgear, for a total claim of $1,002,174.80.

10. At all times relevant hereto, a contract of insurance for property damage was in effect between Graybar Electric and Travelers, which provided coverage for, among other things, loss or damage to the aforementioned consignment of Switchgear.

11. Pursuant to the aforementioned contract of insurance between Graybar Electric and Travelers, monies have been expended on behalf of Graybar Electric to the detriment of Travelers due to the damage to the cargo that occurred during transit.

12. As Travelers has sustained damages as a result of said expenditures, expenditures rightly the responsibility of defendant, Travelers has an equitable right of subrogation and is subrogated to the rights of its insured with respect to any and all claims for damages against the defendant, up to the amount paid by it to Graybar Electric, in the amount of $1,002,174.80.

## AS AND FOR A FIRST CAUSE OF ACTION

13. Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in paragraphs 1 through 12, inclusive, as if herein set forth at length.

14. Pursuant to the contract of carriage entered into by Big Dreams, the defendant owed contractual and statutory duties to the aforementioned cargo owner to carry, bail, keep and care for, protect and deliver the Plaintiffs' cargo in the same good order and condition as at the time said Defendants first accepted custody and control of the goods. As the cargo owner, Plaintiff's insured was an intended third-party beneficiary of Big Dreams' contract of carriage.

///

///

15. Big Dreams breached its contractual and statutory duties by failing to properly carry, bail, keep and care for, protect and deliver the cargo in the same good order and condition as at the time said Defendant first accepted custody and control of the goods.

16. As a direct and proximate result of said breach of contract by Defendants, the Plaintiff has suffered damages presently estimated to be no less than $1,002,174.80.

## AS AND FOR A SECOND CAUSE OF ACTION

17. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 through 12, inclusive, as if herein set forth at length.

18. At the time of the aforementioned incident, defendant, together with the entities it hired to act on its behalf, was acting as a bailee of the aforementioned cargo and in their own capacity, or through their contractors, agents, servants, or sub-bailees, had a duty to safely and properly keep, care for and deliver the shipment in the same good order and condition as when entrusted to them. Defendant also had a duty to ensure that the services provided for the shipment were performed with reasonable care and in a non-negligent and workmanlike manner.

19. Defendant breached its duties and obligations as a bailee by failing to properly carry, secure, load, bail, keep and care for, protect and deliver the subject cargo in the same good order and condition as at the time said defendant first accepted custody and control of the goods.

20. As a direct and proximate result of said breach of contract by Defendants, the Plaintiffs have suffered damages presently estimated to be no less than $1,002,174.80.

## AS AND FOR A THIRD CAUSE OF ACTION

21. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 through 12, inclusive, as if herein set forth at length.

22. The Defendant owed a duty to the Plaintiff's insured to properly carry, stow, secure, load, bail, keep and care for, protect and deliver the aforementioned cargo in the same good order and condition as at the time said Defendant first accepted custody and control of the goods.

23. The Defendant breached and was negligent in exercising its duty to carry, bail, keep and care for, protect and deliver the Plaintiff's insured's cargo in the same good order and condition as at the time said Defendant first accepted custody and control of the goods.

24. As a direct and proximate result of the negligent acts committed by Defendants, the Plaintiffs have suffered damages presently estimated to be no less than $1,002,174.80.

**WHEREFORE,** Plaintiffs pray:

1. That process in due form of law may issue against Defendant citing them to appear and answer all and singular the matters aforesaid;

2. That judgment may be entered in favor of Plaintiff against Defendant for the amount of Plaintiffs' damages in the amount of at least $1,002,174.80 plus interest and costs; and

3. That this Court grant to Plaintiffs such other and further relief as may be just and proper.

Respectfully submitted,

Dated: February 7, 2020          GIBSON ROBB & LINDH LLP

/s/ JOSHUA A. SOUTHWICK
Joshua A. Southwick
jsouthwick@gibsonrobb.com
Attorneys for Plaintiff
TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICA